UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| APRIL LASHELLE CLARK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAIRPOINT VILLAS CONDOMINIUMS, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 25-2338 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* (ECF No. 4) and civil complaint (ECF No. 1). The Court will GRANT the application and DISMISS the complaint without prejudice.

The plaintiff, who resides in Columbus, Ohio, *see* Am. Compl. ¶ 1, brings this action against individuals associated with the Clairpoint Villas Condominium Association, *see id*. ¶¶ 2-3. She professes to "hold[] no membership, contractual obligation, fiduciary duty, or allegiance to any homeowners association, nonprofit entity, or condominium board managed or claimed to be managed by any Defendant." *Id*. ¶ 6. The plaintiff alleges that defendant Jefferson approached her "in a menacing . . . manner," *id*. ¶ 7, for the purpose of "unauthorized fee collection," *id*. ¶ 10, purportedly, it appears, on behalf of the Condominium Association, in violation of assorted provisions of federal and Ohio criminal law. *See id*. at 3 (page numbers designated by CM/ECF). The plaintiff demands an injunction "restraining Defendants from all direct or indirect contact with Plaintiff," *id*. at 4, an award of

1

compensatory and punitive damages, *see id.*, and referral of "this matter to federal and state prosecutorial authorities for criminal investigation and prosecution," *id.*, among other relief.

Setting aside questions with respect to venue and personal jurisdiction over the defendants, the Court turns to the federal statutes cited by the plaintiff. *See id.* at 3. There is no private right of action under any of them. *See McCray v. Holder*, 391 F. App'x 887 (D.C. Cir. 2010) (per curiam) (concluding that "district court correctly held that there is no private right of action under 18 U.S.C. §§ 241 and 242"); *Saunders v. Davis*, No. 15-cv-2026 (RC), 2016 WL 4921418, at *13 (D.D.C. Sept. 15, 2016) (finding that plaintiff has no private right of action under 18 U.S.C. §§ 1341, 1343); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) (dismissing claims under 18 U.S.C. §§ 1001, 1503, 1505, 1512, and 1519 because they "do not create private causes of action"), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010) (per curiam). The plaintiff offers no authority for the proposition that there is a private right of action under any of the Ohio criminal statutes on which she relies and the court does not presume that such remedy exists. *Cf. Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute").

No more successful are the plaintiff's claims under 42 U.S.C. §§ 1983 and 1985(3). "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff's vague and conclusory assertion that "Defendant conspired to deprive [her] of . . . rights to privacy, freedom from retaliation and peaceful enjoyment of property," Compl. at 3, falls short. Missing are allegations that any defendant is a state actor or acted in concert with the State of Ohio or any other state governmental

2

entity, providing a second reason to dismiss the Section 1983 claim. *See, e.g.*, *Amiri v. Gelman Mgmt. Co.*, 734 F. Supp. 2d 1, 3 (D.D.C. 2010) (finding that, absent allegation that defendant "is a state actor or acted in concert with the District of Columbia[. . .] Plaintiff. . . fails to state a claim under § 1983 upon which relief can be granted"), *aff'd*, 427 F. App'x 17 (D.C. Cir. 2011).

Similarly, a viable claim under 42 U.S.C. § 1985(3) requires factual allegations establishing the violation of a federally-protected right, and the plaintiff's failure to do so warrants dismissal of this claim also. *See Jackson v. Donovan*, 856 F. Supp. 2d 147, 149–50 (D.D.C. 2012) (finding that plaintiff who "has not alleged any facts establishing that [defendant] deprived [her] of rights protected by the U.S. Constitution or federal law . . . stated no claim under 42 U.S.C. §§ 1983, 1985(3) and 1986"), *aff'd*, No. 12-5154, 2012 WL 4774677 (D.C. Cir. Sept. 21, 2012).

Lastly, this Court may not cause the investigation or criminal prosecution of any individual. "The power to decide when to investigate, and when to prosecute, lies at the core of the Executive's duty to see to the faithful execution of the laws[.]" *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986). The Executive Branch, not a federal court, initiates criminal proceedings. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."). At any rate, the plaintiff is "a private citizen [who] lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Volovets v. Clinton*, No. 22-5207, 2022 WL 5239553, at *1 (D.C. Cir. Oct. 6, 2022) (per curiam)

(affirming dismissal of lawsuit "because, as a private party, [plaintiff] cannot bring claims under criminal law or seek to compel the criminal investigation or prosecution of the defendants").

An Order is issued separately.

/s/
DABNEY L. FRIEDRICH
United States District Judge

DATE: October 23, 2025